PLEASANT H. WHITAKER, plaintiff in error, *vs.* WILLIAM J. DAVID, defendant in error.

The Act of 1871, Code of 1873, section 3741, authorizing the plaintiff in execution, where a "claimant" has withdrawn his claim, to go to the jury and recover damages, "in case it is made to appear that the claim was interposed for delay only," is not retroactive, so as to apply to claim cases then pending, it not appearing that any previous claim of the same property had been put in and withdrawn by the claimant.

Claim.   Damages.   Before Judge JAMES JOHNSON.   Harris Superior Court.   April Term, 1873.

An execution in favor of Grief W. Epps against John M. Granberry, principal, and Tomlinson F. Brewster, security, which had been transferred to William J. David, was levied on May 1st, 1867, on five hundred and twenty acres of land, situate in the county of Harris.   This property was claimed by Pleasant H. Whitaker on June 4th, 1867.   The issue thus formed came on for trial at the April term, 1873, when, after the evidence had been introduced and the jury charged, the claimant withdrew his claim.   The plaintiff in execution insisted on proceeding for damages.   The claimant objected. The objection was overruled and the claimant excepted.

The Court then charged the jury, "that they should determine from the evidence whether the claim had been interposed frivolously and for delay only, and that in connection with the testimony they might take into consideration in determining the question of fact that the claimant had withdrawn his claim." To which charge the claimant excepted.

The jury returned a verdict for the plaintiff in execution for $222 53 damages.

Error is assigned upon each of the aforesaid grounds of exceptions.

JAMES M. MOBLEY; BLANDFORD & CRAWFORD, for plaintiff in error.

INGRAM & CRAWFORD, for defendant.

McCAY, Judge.

The Act of 1871, giving to the plaintiff in execution the right, when a claim is withdrawn, to go to a jury on an issue that the claim was interposed for delay, and seek the damages provided in such cases by the claim laws, is not, in its terms, retroactive, so as to apply to claims then pending. True, the language is broad enough to cover such cases; but the rule is well settled that we are not to give a retroactive operation to an act, unless that is the plain intent. This is especially the case when to give it that construction would be to make it divest a vested right, or to operate so as to impose a penalty for an act already done. We think this act would so operate, if it is to be taken as applying to claims then pending.

The damages authorized to be given in a claim case are *penalties.* They do not turn on the *actual* damage received by the plaintiff. They *must* be ten per cent., and, may be, such other higher per cent. as to the jury may seem reasonable and just. It may be that the *plaintiff* is not, in fact, damaged. The property may still pay his debt, with the interest, during the pendency of the claim. The real damage in such a case is to the defendant in execution. But the law

declares that if a claim is interposed for delay only, it shall be the duty of the jury to *punish* the claimant, at any rate, by ten per cent., and by more, at its discretion. And this is plainly entirely independent of whether the delay has been, in fact, a greater damage than is compensated by the interest.

If the Act of 1871 is only to be understood as authorizing the plaintiff to go to the jury and recover his *actual damage*, the objection would not apply, since that would only be giving him a new remedy for a right he already had. But the Act of 1871 evidently intends the damages, penalties, allowed against a claimant who has put in a claim "for delay only," which damages turn, as we have said, not upon the actual hurt the plaintiff has suffered, but on the *good faith* of the claimant.

When this claim was put in, the plaintiff was not liable to this *penalty*. He was only liable to a suit for the *actual damage*, and this is sometimes great. I have known a wagon and team worn out during the pendency of a claim, and the defendant insolvent. The effect of the Act of 1871 is to impose a penalty, not simply a new remedy for actual damage, and it cannot have a retrospective operation. To so construe *it*, would make it a technical *ex post facto* law, prohibited both by the State Constitution and the Constitution of the United States.

Judgment reversed.